MARY A. RACEY, Plaintiff, Respondent, v. ANTONIO SCOTTI, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, November 18, 1924.

**Landlord and tenant — action to determine fair and reasonable rental of premises — instructions deemed to confuse jury as to issues — verdict excessive — infirmity of verdict not cured by landlord's voluntary relinquishment of excess — judgment reversed and new trial ordered.**

In an action to determine the fair and reasonable rental of the premises occupied by the tenant, a judgment in the landlord's favor should be reversed where the court's charge to the jury, reciting the economic factors involved in the construction and operation of real estate, was such as to confuse the jury as to the issues to be determined by them. Nor will the verdict be permitted to stand, since it awards a rental in excess of the maximum set in the court's charge to the jury.

The infirmity of a verdict rendered under such circumstances cannot be cured by the landlord's voluntary relinquishment of part of the increase in certain of the rentals.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, in favor of plaintiff.

*Robert Ferrari*, for the appellant.

*Samuel Ecker*, for the respondent.

*Per Curiam.* The judge's charge to the jury covered his opinion on certain economic factors involved in the construction and operation of real property, a comparison between the investment value thereof and other forms of investment and other subjects of similar nature, which could not but confuse the jury as to the issues to be determined by them, which was the fair and reasonable rental of the tenant's premises. Due exception was taken by tenant's counsel. Moreover, the verdict allowed rental far in excess of the maximum set in the judge's charge, so that in any event the verdict cannot stand. The infirmity of a verdict rendered under these circumstances could not be cured by the landlord's voluntary relinquishment of part of the increase in certain of the rentals.

Judgment reversed and new trial ordered, with twenty-five dollars costs to appellant.

All concur; present, GUY, BIJUR and MULLAN, JJ.